IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                            )<br>)<br>REGONALDO N. DEMELIO               ) | Civil Action No. 08-1167<br>Criminal No. 05-015<br>Electronically Filed |

**MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO VACATE SENTENCE (DOC. NO. 95) AND RELATED
PENDING MOTIONS (DOCS. NO. 107, 109, 110, 115 AND 116)**

Before the Court are six pending post-conviction motions filed pro se by defendant Regonaldo N. Demelio.  By way of background, on April 28, 2006, following a jury verdict of guilty on a charge of threatening a federal law enforcement officer in violation of 18 U.S.C. § 115(a), this Court sentenced defendant to a term of imprisonment of 72 months followed by three years supervised release.  At trial, defendant was represented by retained counsel, but the Court appointed an Assistant Federal Public Defender for sentencing.  The 72 month term of imprisonment is the statutory maximum, and it represented an upward variance from the advisory guideline sentence range of 37 to 46 months.

On direct appeal, defendant was represented by another AFPD.  On December 26, 2007, defendant's conviction and the judgment of sentence were affirmed by the United States Court of Appeals for the Third Circuit.  On August 21, 2008, defendant filed a timely Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 95)  The five additional pending motions are all filed in support of the Motion to Vacate.

After careful consideration of defendant's Motion to Vacate and the government's response thereto, and of the various other pending motions and responses, the Court will schedule an evidentiary hearing on defendant's claims of ineffective assistance of trial counsel

1

and will appoint an attorney to represent him in these proceedings. The Court will discuss the motions and rulings in order of filing.

**Motion to Vacate (Doc. No. 95)**

As noted, defendant's Motion to Vacate raises claims of ineffective assistance of trial counsel in violation of the Sixth Amendment for several reasons.[1] First, defendant asserts that his trial counsel, Mr. Robert Downey, so thoroughly failed to prepare, investigate and try the defense that he was effectively denied counsel altogether, and that under *United States v. Cronic*, 466 U.S. 648, 659 (1984), therefore, counsel's failures were the sort of systemic failure that require this Court to grant his Motion to Vacate without regard to a showing of prejudice, which is presumed.

Defendant's reliance on *Cronic* is misplaced, as such a presumption of prejudice under *Cronic* is only appropriate in cases of complete absence of counsel at a critical stage of the proceeding or circumstances of that same magnitude. *Id*. at 466 U.S. 659 n.25-26. Trial counsel's performance in this case did not approach the sort of denial of counsel that might trigger *Cronic*'s presumption of prejudice. See *Ditch v. Grace*, 479 F.3d 249, 256 (3d Cir. 2007) ("denial of counsel at any critical stage at which the right to counsel attaches does not require a presumption of prejudice. Rather, a presumption of prejudice applies only in cases where the denial of counsel would necessarily undermine the reliability of the entire criminal proceeding.")

---

[1] Defendant also raises a claim that his sentence was imposed in violation of the Ex Post Facto Clause. The Court makes no determination of this issue at this time, and will allow newly appointed counsel to brief the legal issue following the evidentiary hearing if it is not withdrawn prior thereto.

(citing *Hammonds v. Newsome*, 816 F.2d 611, 613 (11th Cir. 1987) (interpreting *Cronic* in a limited fashion) and *Takacs v. Engle*, 768 F.2d 122, 124 (6th Cir. 1985) (applying harmless error analysis).

However, the Court finds defendant's other assertions of ineffective assistance of counsel to be of arguable merit. Section 2255 of Title 28 of the United States Code provides that:

> A prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255.

When a defendant brings a motion to vacate sentence pursuant to section 2255, the district court has discretion to conduct an evidentiary hearing. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008) (citing *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005)). Exercise of that discretion is constrained, however, and the district court must hold an evidentiary hearing "'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" *Id.* (quoting *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). This is not a high bar for a movant to meet, especially since the court, in considering a section 2255 claim, "'must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *Id.* (quoting *Forte*, 865

3

F.2d at 62); *see also* Rules Governing § 2255 Proceedings, Rules 4 and 8.  Thus, a § 2255 motion "'can be dismissed without a hearing [only] if (1) the [movant's] allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"  *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).  A district court's decision not to hold an evidentiary hearing may be reversed for abuse of discretion if "the files and records of the case are inconclusive on the issue of whether [the] movant is entitled to relief."  *Id.* at 131 (citing *Solis v. United States*, 252 F.3d 289, 294-95 (3d Cir. 2001)).

The standard for deciding an ineffective assistance of counsel claim is that set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  In order to succeed on such a claim, a defendant must show (1) that his or her counsel's performance was deficient and (2) that he or she was prejudiced by it.  *Lilly*, 536 F.3d at 195 (citing *Strickland*, 466 U.S. at 687).  The Court of Appeals for the Third Circuit has "endorsed the practical suggestion in *Strickland* to consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'"  *Booth*, 432 F.3d at 546 (quoting *McCoy*, 410 F.3d at 132 n.6).

Under the first prong of the *Strickland* test, "an attorney renders ineffective assistance when his performance 'f[alls] below an objective standard of reasonableness,' given the particular circumstances of the case at hand."  *Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009) (quoting *Strickland*, 466 U.S. at 688).  In reviewing counsel's performance, the court must be "highly deferential," which entails "a strong presumption that counsel's conduct falls within

the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (quoted in *United States v. Hankerson*, 496 F.3d 303, 310 (3d Cir. 2007)).  In other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoted in *Hankerson*, 496 F.3d at 310).  To rebut this presumption, the movant "must show either that: (1) the suggested strategy (even if sound) was not in fact motivating counsel, or (2) that the actions could never be considered part of a sound strategy." *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005).  However, the reviewing court may not, "with the benefit of hindsight, [] engage in speculation about how the case might best have been tried." *Hess v. Mazurkiewicz*, 135 F.3d 905, 908 (3d Cir. 1998).

Under the prejudice prong of the *Strickland* test, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  "A reasonable probability is 'a probability sufficient to undermine confidence in the outcome.'" *Hankerson*, 496 F.3d at 310 (quoting *Strickland*, 466 U.S. at 694).  Accordingly, the movant will not be entitled to relief "unless [he or she] affirmatively establishes the likelihood of an unreliable verdict." *McAleese v. Mazurkiewicz*, 1 F.3d 159, 166 (3d Cir. 1993).

In light of the foregoing standards, after reviewing the Motion to Vacate, the government's response, the briefs in support and in opposition, and the records in the case, the Court cannot conclusively say that defendant is not entitled to relief on his claims that trial counsel[2] provided ineffective assistance of counsel in failing to obtain, develop and present a defense based upon his medical and psychological condition at the time of his threatening

---

[2] Defendant's ineffective assistance of counsel claims are limited to the effectiveness of trial counsel's performance.

conduct, including his reactions to certain medications, and in failing to object to prejudicial prior bad act evidence under Fed.R.Evid. 404(b). Accordingly, the Court will schedule an evidentiary hearing on defendant's Motion to Vacate, by separate order.[3]

**Motion to Supplement Brief (Doc. No. 107)**

Defendant seeks to amend his Motion to Vacate under Fed.R.Civ.P. 15 to add a claim of ineffective assistance of sentencing counsel in failing to present evidence of his mental illness in mitigation of sentence. This motion appears to raise an issue that was foreclosed by the United States Court of Appeals for the Third Circuit on direct appeal, which held "that the District Court did not fail to consider properly his mental illness" at the sentencing hearing, at which the Court was aware of defendant's mental history. Unpublished Opinion (Doc. No. 92-4) at 3. The Court of Appeals further stated that "[g]iven the context and clarity of Mr. Demelio's threat, the District Court was within its discretion to find that Mr. Demelio's case was 'unique and extreme,' supporting a sentence of seventy-two months." *Id*. Because any amendment of his Motion to Vacate would be futile, this Court DENIES defendant's motion to supplement (Doc. No. 107).

**Motion for Discovery (Doc. No. 109)**

It appears that the motion for discovery seeks information that is not related to the grounds set forth in his Motion to Vacate. In any event, the Court DENIES defendant's motion

---

[3] The Court notes that on November 2, 2009, the United States Court of Appeals for the Third Circuit denied defendant's writ of mandamus in this case, see Mandate (Doc. No. 117), seeking to compel this Court to conduct an evidentiary hearing and grant habeas corpus relief.

for discovery without prejudice to appointed counsel filing any discovery motions deemed appropriate in light of his or her professional judgment.

**Motion to Expedite (Doc. No. 110)**

This motion to expedite is DENIED as moot.

**Motion to Appoint Counsel (Doc. No. 115)**

When the Court decides that an evidentiary hearing is warranted on a section 2255 petition, the Court must appoint counsel, and give counsel sufficient time to investigate and prepare for the hearing. Rules Governing Section 2255 Proceedings, Rule 8(c). The Court therefore GRANTS defendant's motion to appoint counsel (Doc. No. 115), and will enter a separate order doing so. Additionally, the Court directs counsel to meet and confer with government counsel, after meeting with defendant and investigating the claims, and to submit a joint status report on or before December 15, 2009, setting forth any agreements that the parties may have reached as to any matter, including discovery, and estimating the time that the evidentiary hearing would take. The Court will thereafter schedule the evidentiary hearing and issue a Pre Hearing Order.

**Motion to Reconsider Sentencing (Doc. No. 116)**

The Court DENIES this motion to reconsider defendant's sentence based upon what he claims are extraordinary rehabilitation efforts while incarcerated. While the averments of defendant's motion to reconsider certainly would be relevant to show significant rehabilitation,

this Court has no authority to reconsider a defendant's sentence based upon behavior while imprisoned.[4]  The denial of this motion is without prejudice to a counseled motion to reconsider sentence should counsel uncover any authority of this Court to do so.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:     Regonaldo Demelio, Pro Se
        Federal Correctional institute
        Allenwood FCI
        P.O. Box 2000
        White Deer, PA 17887

        All Counsel of Record

---

[4] The Court notes that, in the event defendant's Motion to Vacate would be granted after evidentiary hearing, and if he was convicted and resentenced following retrial or guilty plea, his record of rehabilitation would be considered by the Court under 18 U.S.C. § 3553(a).