IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-15 |
| | ) | Electronically Filed |
| REGONALDO DEMELIO | ) | |

## Order on Motion for Bond

Pending before this Court is defendant's motion for bond pending retrial and the government's response in opposition thereto. Doc. Nos. 155 and 159. On December 14, 2010, this Court granted defendant's motion to vacate sentence and ordered a new trial, which is set to commence promptly on February 7, 2011. Doc. Nos. 152 and 153. Defendant has been charged with a crime of violence under Title 18, United States Code Section 115, for allegedly threating to murder, intimidate, interfere or retaliate against a special agent of the Federal Bureau of Investigation.

Defendant is presently in federal custody, although according to the government, defendant is currently serving a term of imprisonment of three (3) years based upon the revocation of his supervised release imposed at the case of United States v. Cooley, 99-18 (W.D. Pa.). It is the position of the government that the vacation of the term of imprisonment in this case does not effect the validity of the term of imprisonment imposed on the supervised release violation, but the government believes that defendant may have already served the full term of imprisonment for this proceeding.

Nonetheless, irrespective of whether defendant is currently serving his term of imprisonment on the supervised release violation, the Court will DENY defendant's motion for bond, because, as the government posits, and this Court agrees, the record in this case certainly

demonstrates that if defendant were released into the community, he would constitute both a danger to the community and a risk of flight and that there are no conditions or combination of conditions that would ensure the safety of the community or defendant's appearance at trial. 18 U.S.C. § 3142(g).

Defendant has a long and well documented history of violent and other criminal acts dating back to at least 1988. Notably, his violent criminal acts include convictions for burglary, battery (on two occasions), committing sexual acts with a child, and simple assault, just to name a few. Similarly, defendant has demonstrated a great propensity toward violating the conditions of probation and supervised release, also dating back to 1988. In fact, defendant allegedly committed the instant offense while serving a term of supervised release imposed in connection with the conviction at Criminal No. 99-18 (the conviction on which he is now serving a prison term for violation of supervised release).

Taking all factors set forth in Title 18, United States Code, Section 3142(g) into consideration, the Court finds that there is clear and convincing evidence that if released defendant would present both a danger to the community and a risk of flight and there are no conditions or combination of conditions that can ensure the safety of the community and defendant's appearance at trial.

Defendant's Motion for Bond Pending Retrial is therefore DENIED.

**SO ORDERED** this 4th day of January, 2011.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties